Argued and submitted December 21, 1990, reversed and remanded October 23, 1991

## TOY CO. SALEM, INC.,
*Appellant,*

*v.*

## Vivian WOOD,
*Respondent.*

(87D302351; CA A64827)

819 P2d 312

Andrew P. Ositis, Salem, argued the cause and filed the brief for appellant.

Richard F. Alway, Salem, argued the cause for respondent. With him on the brief was Winslow Alway & Craig, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

* Joseph, C. J., *vice* Newman, J., retired.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff, which is in the business of selling used cars at retail, repossessed and sold a vehicle that defendant was purchasing from it on an installment contract. Plaintiff brought this action under the contract for the balance due after deducting the amount received from the sale of the car. After trial, without a jury, the court entered judgment for defendant and awarded her attorney fees.

The court's reasoning, expressed in a letter opinion, was that the retail installment contract was unconscionable and not enforceable. The court also held that plaintiff violated its duty of honesty in fact and observance of reasonable commercial standards of fair dealing required by ORS 72.1030(1)(b) and ORS 71.2030. The court found, as an alternative basis for the judgment, that plaintiff had not sold the repossessed car in a commercially reasonable manner under ORS 79.5040(3).

■    Plaintiff argues that unconscionability and lack of good faith or honesty in fact were not raised or litigated and that there was no evidence to support the court's findings. It also contends that the court erred in concluding, from the undisputed facts, that the sale was not commercially reasonable.[1] We reverse.

Defendant bought a used car from Eastgate Motors (Eastgate) on an installment contract. She subsequently filed a petition in bankruptcy and listed the debt to Eastgate in her petition. She also indicated her intention to reaffirm the debt, so that she would not lose the car. She telephoned Eastgate and talked to Frey, the salesman with whom she had dealt when she purchased the car. Unknown to her, Frey was then a salesman for plaintiff, which was located a short distance from Eastgate.[2] She told Frey that she had filed bankruptcy

---

[1] Defendant pleaded an affirmative defense that the debt had been discharged in bankruptcy. The court rejected that defense; she argues that the court was wrong and that the defense is a separate basis to affirm the judgment. We agree with the trial court that the debt was not discharged; it was created after defendant had filed her bankruptcy petition. 11 USC § 727(b).

[2] The record does not disclose why Frey answered the telephone at Eastgate Motors.

but wished to reaffirm the debt with Eastgate and keep the car.

Frey arranged to meet defendant a few days later at plaintiff's business. She signed several documents. The result was that plaintiff bought the car from her, paid off the debt to Eastgate and then resold the car to her on an installment contract. The price was greater than the balance due on the Eastgate contract, the interest rate was higher and the vehicle was sold "as is" with no warranties.

Defendant defaulted on the contract, and plaintiff repossessed the vehicle. It spent money repairing it and then sold it at public auction. The deficiency, after applying the net proceeds of the sale, was approximately $1,300, which plaintiff seeks in this action.

After trial, the court took the case under advisement and then issued a letter opinion that reads, in material part:

"I find, as a matter of law, that the contract of resale was unconscionable, and I refuse to enforce it in accordance with ORS 72.3020(1). [Defendant] sought to save her car from bankruptcy by reaffirming through Eastgate. She was entitled to reaffirm the existing balance on the existing terms. Eastgate's employees had moved to Toy Co. Through the sale and resale device, they increased the existing balance due on the vehicle and increased the monthly payments all to plaintiff's benefit and defendant's detriment. The entire transaction was completely one-sided, and, indeed, fraudulent."

■ The issue of unconscionability under ORS 72.3020(1) was not pleaded or litigated or even mentioned during trial. It surfaced first in the court's letter opinion. Plaintiff had no opportunity to address that issue or to offer evidence on it. ORS 72.3020(2) provides:

"When it is claimed *or appears to the court* that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination." (Emphasis supplied.)

Even if a court might be able to address the issue of unconscionability, when not pleaded or otherwise claimed, the

parties must be given an opportunity to address the issue and to present evidence. They clearly were not.

█    The court's alternative basis for the judgment was that the sale of the car was not commercially reasonable. The court held:

> "As a retail merchant of used cars, it was commercially unreasonable, as a matter of law, for plaintiff to wholesale the vehicle after its voluntary surrender."

Neither party raised or litigated that issue, and the court made the decision as a matter of law, not as a matter of fact. It may be a mixed question of law and fact under ORS 79.5070(2) as to what the industry may do in such circumstances or what the practice is among dealers of used cars. We disagree with the trial court that failure to sell the car at retail on its sales lot made the sale commercially unreasonable as a matter of law. All that is required under ORS 79.5070(2) is that the sale be made "in the usual manner in any recognized market." The failure to obtain the best price is not an indication, in and of itself, that the sale was not commercially reasonable. ORS 79.5070(2).

Reversed and remanded.